Mark Choate, Esq., AK #8011070
Jon Choate, Esq. AK #1311093
CHOATE LAW FIRM LLC
424 N. Franklin Street
Juneau, Alaska 99801
Telephone: (907) 586-4490
Facsimile: (888) 856-3894
Email: lawyers@choatelawfirm.com

Attorneys for Plaintiff

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ALASKA

THOMAS MYERS,

    Plaintiff,

vs.

MANIILAQ ASSOCIATION

    Defendant.

Case No.

## COMPLAINT FOR WRONGFUL DISCHARGE

### (Dated January 31, 2017)

Plaintiff, by and through his counsel, the CHOATE LAW FIRM LLC, brings this action for wrongful discharge against his former employer, Defendant MANIILAQ ASSOCIATION ("Maniilaq") for terminating his employment in breach of the covenant of good faith and fair dealing.

Plaintiff was terminated to prevent the continuation of and in retaliation for his work into misconduct at Maniilaq involving theft, fraud, diversion, misuse and mismanagement of millions of dollars in money provided to Maniilaq by state and federal governments.

COMPLAINT FOR WRONGFUL DISCHARGE
*Myers v. Maniilaq Association*
Page 1 of 6

Defendant's termination of Plaintiff violated public policy and was objectively unfair, and thus breached the objective prong of the covenant of good faith and fair dealing. Defendant's termination was also for a subjectively bad purpose, to keep Plaintiff from working with others in investigating fraud and misconduct within Maniilaq, and as such breached the subjective prong of the covenant of good faith and fair dealing.

Plaintiff seeks compensation for past and future wages and benefits. Plaintiff also seeks punitive damages as Defendant acted with malice and with bad motives in terminating Plaintiff.

## I.

## PARTIES, JURISDICTION & VENUE

1. Plaintiff THOMAS MYERS, (Myers) is a resident of Duluth, Georgia.

2. Defendant MANILLAQ ASSOCIATION (Manillaq) is a non-profit corporation headquartered and with its principal place of business in Ketchikan, Alaska.

3. This action is brought under the Court's diversity jurisdiction 28 U.S.C. § 1332. Damages exceed $75,000.00.

4. All relevant events in this Complaint occurred in Alaska and for that reason, venue is proper in the District of Alaska.

## II.

## BACKGROUND

5. Plaintiff incorporates by reference the allegations contained in paragraphs 1 – 4 as though fully set out herein, and further alleges as follows:

COMPLAINT FOR WRONGFUL DISCHARGE
*Myers v. Maniilaq Association*
Page 2 of 6

6. Maniilaq Association is a non-profit corporation that provides health care, social services, and tribal self-governance support to twelve villages in Northwest Alaska.

7. Maniilaq has an operating budget of approximately $88, million per year, the majority of which comes from the federal government.

8. In September, 2013, Myers was offered a contract position with Maniilaq to improve its management systems and accountability.

9. While in that contract position, it became apparent that there were a broad set of problems involving conflicts of interest, self-dealing, misappropriation and outright theft of corporate resources by corporate insiders and employees.

10. Working with CEO Patrick Anderson, Myers assisted into the investigation of this wrongful conduct.

11. As it became apparent that the misuse and abuse of corporate resources for personal benefit and gain was widespread and pervasive, Myers was offered full-time employment with Maniilaq in early December 2013.

12. Myers accepted a position as "Senior Lean Sensei" (a management title) reporting directly to the President and CEO Patrick Anderson at an annual salary of $140,209.83 plus benefits.

13. Myers worked diligently with Anderson and others to investigate numerous concerns regarding misuse and abuse of corporate resources.

14. On information and belief, in response to that investigation, the individuals who were profiting and gaining from that misuse and abuse of corporate resources began a concerted campaign to discharge Anderson from his position as President.

15. The same individuals worked to have Myers terminated from his employment with Maniilaq because he was assisting in the investigation.

16. In late January, 2014, Anderson was terminated from his position as CEO and President of Maniilaq Association.

17. In early February 2014, Myers was given notice that he was also being discharged from his job with Maniilaq Association.

18. At all times relevant to this matter, Myers conscientiously performed all job duties assigned to him as required. At no time was Myers ever informed that he had failed to perform as required and expected.

## III.

## FIRST CAUSE OF ACTION

## WRONGFUL DISCHARGE

19. Plaintiff reincorporates by reference the allegations contained in paragraphs 1-18 as though fully set out herein and further alleges as follows:

20. The Alaska Supreme Court has held that every employment contract in Alaska is subject to the covenant of good faith and fair dealing.

21. The Alaska Supreme Court has held that the covenant of good faith and fair dealing is breached if either its "objective-prong" or its "subjective-prong" is violated.

22. The "objective prong" of the covenant is violated if an employer terminates an employee for reasons that violate public policy, or if the termination is objectively unfair.

23. The "subjective prong" of the covenant is violated if the employer acts with subjective bad intent to terminate employment.

24. Maniilaq terminated Plaintiff to prevent and stop investigation into the widespread misuse and mismanagement of money provided to Maniilaq by the state and federal governments.

25. Maniilaq terminated Plaintiff to prevent Plaintiff from assisting the CEO and others from taking corrective action to address the widespread misuse and mismanagement of money provided to Maniilaq by the state and federal governments.

26. Maniilaq terminated Plaintiff in retaliation for the corrective actions he was participating in at the instruction of the CEO/President to address the widespread misuse and mismanagement of money provided to Maniilaq by the state and federal governments.

27. Maniilaq's termination of Plaintiff for these reasons violated public policy.

28. Maniilaq's termination of Plaintiff for these reasons was objectively unfair.

29. Maniilaq's termination of Plaintiff for these reasons was subjectively unfair.

30. Maniilaq wrongfully discharged Plaintiff.

31. Maniilaq's wrongful discharge of Plaintiff caused him to lose past and future earnings and benefits.

32. Plaintiff's harms exceed $100,000.00.

## IV.

## DEMAND FOR JURY TRIAL

33. Plaintiff demands jury trial for all issues so triable in this matter.

## V.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff THOMAS MYERS prays for relief against Defendant MANIILAQ ASSOCIATION as follows:

A. For past lost earnings and benefits;

B. For future lost earnings and benefits;

C. For other contract damages;

D. For attorney fees;

E. For prejudgment and post-judgment interest;

F. For allowable costs;

G. For such other and further relief as the court deems just and equitable.

DATED this 31st day of January, 2017 at Juneau, Alaska.

          CHOATE LAW FIRM LLC
          Attorneys for Plaintiff

          By: s/Mark Choate
             Mark Choate, 8011070
             Jon Choate, 1311093

COMPLAINT FOR WRONGFUL DISCHARGE
*Myers v. Maniilaq Association*
Page 6 of 6